NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREURY DE LA ROSA-TIRADO,<br><br>    Petitioner,<br><br>    v.<br><br>R. THOMPSON, FCI FORT DIX (WARDEN),<br><br>    Respondent. | No. 24cv11191 (EP)<br><br>**OPINION** |

**PADIN, District Judge**

*Pro se* Petitioner Freury de La Rosa-Tirado ("Petitioner"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and a supplement to the Petition. D.E.s 1, 2 (collectively "Petition" or "Pet."). Petitioner challenges the Federal Bureau of Prisons's ("BOP") determination that he is ineligible to earn and apply First Step Act ("FSA") time credits. Respondent timely filed her opposition to the Petition, D.E. 5 ("Answer"), but Petitioner did not submit a reply brief. For the reasons set forth below, the Court will **DENY** the Petition on the merits.

**I.    BACKGROUND**

Petitioner is serving a 72-month prison term imposed on November 9, 2021, in the United States District Court, Western District of Pennsylvania. D.E.s 5-4 (Declaration of Danielle DiBello ("DiBello Decl."))[1]; D.E. 5-5 at 1-2 (Dibello Decl. Ex. 1). Petitioner alleges that he began earning FSA credits under 18 U.S.C. § 3632(d)(4)(A) in January 2020 by successful completion

---

[1] Danielle DiBello is a Case Management Coordinator with the BOP, FCI Fort Dix. DiBello Decl. ¶ 1.

of evidence-based recidivism reduction programs and productive activities. Pet. at 3. When BOP calculated Petitioner's release date, including application of earned FSA time credits, Petitioner was informed his projected release date was March 8, 2025. *Id.* Later, BOP removed the FSA time credits from Petitioner's projected release date because it determined that he was subject to a final order of removal, thus rendering him ineligible to receive FSA time credits. *Id.* at 4; 18 U.S.C. § 3632(d)(4)(E)(i). According to Petitioner, BOP erred in its determination that he is subject to a final order of removal. Pet. at 5-7.

Petitioner contends he is eligible to have his FSA time credits applied toward early supervised release or additional time in prerelease custody because he is subject to an immigration detainer, not a final order of removal. *Id.* at 6. Petitioner argues his immigration detainer is not a final order of removal within the meaning of 8 C.F.R. § 1241.31. *Id.* In Petitioner's words, § 1241.31 means "no judge, no legal or enforceable order of deportation." *Id.* at 7. Petitioner also invokes his right to due process and equal protection. *Id.* at 9-10.

Respondent maintains that the Court should either dismiss the Petition for failure to exhaust administrative remedies or deny the Petition on the merits pursuant to 18 U.S.C. § 3632(d)(4)(E)(i) because Plaintiff was ineligible to receive FSA time credits having been the subject of a final order of removal. Answer at 1. Respondent submits that the Department of Homeland Security ("DHS") served Petitioner with a Notice of Intent/Decision to Reinstate a Prior Order of Removal pursuant to 8 U.S.C. § 1231(a)(5). DiBello Decl., Ex. 2 at 10, ("Notice to Reinstate")). According to the Notice to Reinstate, Petitioner was previously subject to an order of removal and was removed from the United States on March 18, 2013. *Id.* Respondent therefore argues that Petitioner was subject to a final order of removal when his prior removal order was reinstated. Answer at 14. Furthermore, Respondent avers that Petitioner does not have a vested interest in FSA time credits

2

protected by due process or equal protection because application of FSA time credits is contingent on not having a final order of removal. *Id.* at 16-17.

## II. DISCUSSION

### A. Petitioner Need Not Have Exhausted His Administration Remedies

This Court has jurisdiction over Petitioner's challenge to the BOP's statutory interpretation of the FSA under 28 U.S.C. § 2241(c)(3). *See Hussain v. Warden Allenwood FCI*, No. 22-1604, 2023 WL 2643619, at *2 (3d Cir. Mar. 27, 2023) (per curiam) (noting district court was "arguably correct that it could consider whether the BOP abused its discretion in the exercise of its authority" through a habeas petition under § 2241); *Johnson v. Warden Allenwood FCI*, No. 23-2893, 2024 WL 1596676, at *1 (3d Cir. Apr. 12, 2024) (per curiam) (remanding § 2241 habeas petition to district court to determine federal prisoner's eligibility for FSA time credits); *Pisman v. Warden Allenwood FCI Low*, No. 23-2048, 2023 WL 6618238, at *1 (3d Cir. Oct. 11, 2023) (per curiam) (affirming district court denial of § 2241 habeas petition because BOP did not abuse its discretion in refusing to apply FSA time credits to early prerelease custody).

Respondent contends that the Court should dismiss the Petition because Petitioner failed to exhaust administrative remedies regarding the claims in the Petition. Answer at 7. Respondent is correct that in general, courts recognize a non-jurisdictional requirement for federal prisoners to exhaust the BOP's administrative remedy program prior to filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241."). However, "a prisoner need not exhaust administrative remedies [under 28 U.S.C. § 2241] where the issue presented involves only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012). As that is the case here, the Court finds that Petitioner need not have exhausted his remedies.

3

### B. Petitioner Was Not Eligible For First Step Act Time Credit

The only cognizable issue presented in the Petition, therefore, is whether Petitioner is subject to a final order of removal within the meaning of 18 U.S.C. § 3632(d)(4)(E)(i). The Court turns to the merits of the Petition.

When enacted in December 2018, the FSA directed the BOP to create a system to "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d). One of these incentives was that inmates can earn time credits, which could be applied toward early transfer to supervised release. 18 U.S.C. § 3624(g). FSA time credits may also be applied toward early transfer to a residential reentry center or home confinement. *Id.* Under the FSA, not all inmates are eligible to earn and apply time credits. 18 U.S.C. § 3632(d)(4)(D)-(E). "[A] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1101(a)(17))." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2) (interpreting § 3632(d)(4)(E)(i)). The INA defines "immigration laws" as those within 8 U.S.C. Ch. 12 "and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." 8 U.S.C. § 1101(a)(17).

Petitioner was removed from the United States on March 18, 2013, pursuant to an order of removal. Notice to Reinstate at 1. On March 6, 2019, DHS advised Petitioner of its intent to reinstate his final order of removal and Petitioner did not contest the determination. *Id.* Under 8 U.S.C. § 1231(a)(5):

4

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Petitioner falls within this provision, and this provision falls under Chapter 12 of the INA. It is, therefore, a final order of removal within the definition in 18 U.S.C. § 3632(d)(4)(E)(i). As such, Petitioner is not eligible to earn and apply FSA time credits, and the BOP did not abuse its discretion in not applying Petitioner's FSA credits.

### C. Petitioner's Due Process and Equal Protection Claims Fail

Petitioner claims that the "[d]eprivation of [his] [FSA time credits] does not comport with fundamental fairness, is discriminative[,] brings about unwarranted disparity[,] and violates equal protection clause." Pet. at 10. Respondent asks the Court to follow the authorities it cites that have dismissed due process and equal protection claims in similar petitions. Answer 15-17. The Court agrees with Respondents and will deny Petitioner's Equal Protection and Due Process challenges.

The constitutional right to due process does not protect a federal prisoner from loss of FSA time credits when BOP determines the prisoner was ineligible to earn and apply such credits. *See Mitchell-Palacio v. FCI Fort Dix (Warden)*, No. 24-9831, 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024) ("Any Due Process or Equal Protection rights . . . in relation to . . . FSA credits is contingent on the lack of a final removal order[.]"); *see also Mathews v. Diaz*, 426 U.S. 67, 78 (1976). In these situations, therefore, "the BOP has no choice but to deprive [the petitioner] of the ability to apply his First Step Act credits towards early supervised release, and the Court has no authority to enjoin the operation of the statute." *Mitchell-Palacio*, 2024 WL 4542223, at *1.

5

Furthermore, all federal prisoners subject to final orders of removal are treated similarly under the statute, thus precluding an equal protection claim. *Id.* at 1 n.1. In other words, Plaintiff cannot identify a similarly situated individual who is being treated differently, and therefore, his equal protection claims fail.

## III.   CONCLUSION

For the reasons discussed above, the Court will **DENY** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. An appropriate Order follows.

2/28/2025
Date

Evelyn Padin, U.S.D.J.